Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5395 | **DATE** | 1/30/2002 |
| **CASE TITLE** | MELVIN WARREN vs. HOWARD CAB COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Plaintiff's complaint is dismissed without prejudice for failure to state a claim. Plaintiff is given leave to file an amended complaint, if any, within 21 days of the date of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 01 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| MELVIN WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 5395 |
| v. ) | |
| ) | Judge John W. Darrah |
| HOWARD CAB COMPANY and STAR CAB ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Melvin Warren (Warren), filed a complaint, *pro se*, against defendants, Howard Cab Company and Star Cab Company. Presently before the Court is defendants' Motion to Dismiss. Plaintiff did not file a response to defendants' motion.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiffs. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When a complaint is prepared by a *pro se* litigant, the complaint may be dismissed for failure to state a claim only when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Plaintiff, a double amputee, alleges that the defendants refused to transport him because of his disability. In his complaint, plaintiff alleges that the defendants violated his "Civil Rights by refusing to transport [him] because of [his] disability (a double amputee)." The complaint further

alleges that jurisdiction properly lies in this Court because the taxi cab companies' refusal to transport plaintiff violated his "rights to the Equal Protection of the law under the 14th Amendment to the U.S. Constitution" and his "Rights to Due Process of law." The complaint repeatedly refers to the cab companies' actions as infringing on plaintiff's constitutional rights under the 14th Amendment.

The Fourteenth Amendment of the United States Constitution is directed at the states; therefore, it can only be violated by conduct that is characterized as "state action". *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 923 (1982) (*Lugar*). Whether conduct falls under the purview of the Fourteenth Amendment is determined in a two-part analysis. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by rule of conduct imposed by the state or by a person for whom the State is responsible ... Second, the party charged with the deprivation must be a person fairly said to be a state actor." *Lugar*, 457 U.S. at 937.

Plaintiff does not allege, nor can it be inferred from his complaint, the alleged deprivation is caused by the exercise of some right or privilege created by the state or by rule of conduct imposed by the state or by a person for whom the State is responsible.

As to the second part of the analysis, conduct by private parties can, under certain circumstances, constitute state action. The Supreme Court has articulated several tests to determine whether a party should be considered a state actor. *See Lugar*, 457 U.S. at 939 (listing several tests).

Under the "nexus test", there must be a sufficiently close nexus between the state and the challenged action of a regulated entity so that the action of the latter may be fairly treated as that of the state itself. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974) (*Jackson*). Even heavily regulated businesses' conduct may not constitute state action. *See Jackson*, 419 U.S. at 350-

2

54 (electric company's act of shutting off service not state action). Here, defendants' conduct of either transporting or refusing to transport an individual cannot be fairly treated as that of action of the state.

A nominal private entity can also be considered a state actor when it has been delegated a public function by the state. *See Terry v. Adams*, 345 U.S. 461 (1953) (elective process); *Public Utilities Comm'n of Dist. of Columbia v. Pollak*, 343 U.S. 451 (1952) (public transit system); *Marsh v. Alabama*, 326 U.S. 501 (1945) (streets of a company town). In the instant case, the defendants are privately owned cab companies that have not been delegated a public function by the State. The defendant cab companies offer transportation to individuals only on an on-demand basis.

Conduct of a private entity may also constitute state action if the private party conspired with state actors to deprive an individual of his or her constitutional rights. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) (white school teacher alleged that restaurant had conspired with local police to deny her service and later have her arrested because she was in the company of black students). Here, there are no allegations or inferences that may be drawn from Warren's complaint that the defendants conspired with any state actors in refusing to provide him with transportation.

For the reasons stated above, the defendants' conduct does not constitute state action. While not condoning the alleged conduct of the defendants, plaintiff's complaint must be dismissed without prejudice for failure to state a claim. Plaintiff is given leave to file an amended complaint, if any, within 21 days of the date of this order.

Dated: January 30, 2002

JOHN W. DARRAH
United States District Judge

3